18495. MOBLEY, superintendent, *v.* POWELL.

1. The demurrer to the defendant's answer, by which he attempted to set off against his note to the bank a half of the balance on a deposit account standing in the names of himself and another person, was properly overruled.

Banks and Banking, 7 C. J. p. 746, n. 22.

2. The court did not err in allowing the set-off claimed in defendant's answer.

DECIDED DECEMBER 13, 1927.

Complaint; from Colquitt superior court—Judge W. E. Thomas. July 22, 1927.

*Waldo DeLoache, Gardner, Gardner & Crow,* for plaintiff.

BLOODWORTH, J.  A. B. Mobley, as superintendent of banks of the State of Georgia, brought suit against J. L. D. Powell, alleging that the defendant was indebted to petitioner in the sum of $700, besides interest and attorney's fees; said debt being evidenced by two promissory notes payable to the Citizens Bank of Moultrie and signed by J. L. D. Powell; that the assets of the Citizens Bank of Moultrie are in the petitioner's charge for the purpose of liquidating its affairs; that the defendant refuses to pay said indebtedness; and that petitioner has given notice of his intention to bring suit and claim attorney's fees. The notes attached to and made a part of the petition are in the usual form of promissory notes, one for $500, and one for $200, and are signed, "J. L. D. Powell (Seal)." On the back of the $200 note appears the following: "Dec. 2nd, 1926, offset $158.80."

The defendant in his answer admitted a prima facie case in the plaintiff, and that the plaintiff would be entitled to recover but for the following facts, which the defendant affirmatively pleaded: "that the Citizens Bank, on the day on which it closed its doors and ceased to do business and on which the plaintiff took charge thereof for liquidation, was, and continuously ever since said time has been and still is, indebted to this defendant in the sum of $1,306.15, which represents one half of the balance on a deposit account of $2,612.30, then and now standing on the books of said bank in the name and to the credit of this defendant and C. H. Powell, said one half of said deposit being the separate, several, and individual right and property of this defendant, and the other one half of said deposit likewise belonging to said C. H. Powell and being his separate, several, and individual right and property. . . Defendant says that the money representing said deposit arose out of and was deposited in said bank in the following circumstances: Defendant is the father of said C. H. Powell; they are all and the only stockholders in the Grand Theatre Company, a corporation,—defendant and C. H. Powell each

owning one half the shares of its capital stock,—which company had carried its deposit and checking account with said bank and maintained such account at the time the bank closed, and each also maintained an individual deposit or checking account in his respective name with said bank. As said corporation earned dividends and accumulated profits sufficient to be paid the stockholders, and as the stockholders would direct such earnings to be paid out and disbursed to its stockholders, said C. H. Powell would from time to time withdraw and separate said dividends or earnings from the other funds or money of said corporation by issuing the corporation's checks therefor, and would deposit the same to the account or credit of C. H. and J. L. D. Powell. Said earnings or dividends so paid out and deposited in said account in favor of C. H. and J. L. D. Powell then belonged and now belong to this defendant and C. H. Powell in equal portions or shares, each being the owner of one half of said stock, and said deposit representing money which had already been separated from and paid out by said corporation to them and which was deposited in said account for convenience only and 'to keep it separated from the deposits of other moneys derived from other sources. This defendant further shows that all withdrawals of money from said account both to him and to said C. H. Powell were made at the same time and in equal amounts to each of them, so that the interest or right of each in and to said deposit has at all times remained and now remains the same; and so that this defendant has at all times owned and now owns one half the money represented by said deposit of $2,612.30. Defendant further avers that neither is there now, nor has there ever been, any partnership or partnership relationship between him and said C. H. Powell; that there is no joint relationship of any character; that they are not now nor have they ever been jointly interested or connected in any business, enterprise, industry, or promotion of any kind or character whatsoever; that such deposit represents no joint investment or venture, nor had it ever been used, nor had they ever intended to use the same, in any joint business, venture, or investment; and that defendant and the said C. H. Powell have no joint interest in said deposit, but that said funds were so deposited in the name of C. H. and J. L. D. Powell for convenience in keeping said funds separate and distinct from their other re-

spective individual accounts or deposits, and that there was no further or other purpose or concerted action in making such deposit. . . Defendant further shows that as required by the provisions of the banking act of 1919, he made due proof of his claim, based upon his interest in and ownership of one half of said deposit, and that the said C. H. Powell likewise made proof of his claim, based upon his interest in and ownership of one half of said deposit, within ninety days from the time when the superintendent of banks caused notice to be published for such claim to be presented; that the defendant also then and there claimed the right and made application to said bank and the plaintiff to have set off, against the notes sued on and defendant's liability thereon to said bank, a sufficient amount of his one half of said deposit to pay off and discharge said notes; that the said C. H. Powell also, in his proof of claim to his one half of said money, likewise recognized and, in writing and under oath, advised the plaintiff and said bank of this defendant's right to and ownership of one half of said deposit and of defendant's right to have such set-off allowed; and that the claim and right of this defendant in and to said deposit and to said set-off were supported by written affidavits of both the defendant and C. H. Powell duly filed with the plaintiff. . . Defendant further shows: On December 1, 1926, when he executed the note sued on for $500, which was in renewal of another note, he then advised the cashier of the Citizens Bank that he had in said bank on deposit in said account more than a sufficient amount of money to pay off the notes sued on, that he would pay the same, if the bank preferred to receive such payment rather than to renew the note, and that said bank advised this defendant that it would prefer to renew the note, and would not ask for payment of it at that time. . . The defendant shows that he is entitled to set off against his liability to the plaintiff on the notes sued on a sufficient amount of the money owing to him by said bank, contained in and represented by said deposit, to pay off and discharge said note." The defendant prayed that the set-off be allowed and that said notes be decreed and adjudged to be paid.

The plaintiff demurred to the defendant's answer on the ground that "there is no matter of defense set up in said plea and answer, and the facts therein stated are not sufficient to con-

stitute a defense or to entitle the defendant to the set-off claimed, said deposit not being owed to the defendant in his individual capacity." The demurrer was overruled.

By agreement the case was submitted to the presiding judge, to be decided at the first term and to be "passed on by the court, without the intervention of a jury, and upon the pleadings, both parties agreeing that the allegations of the petition and answer are true and shall be used as all the evidence."

The judge held that the defendant was entitled to the set-off claimed in his answer, and entered judgment in his favor and against the plaintiff.

1. The demurrer was properly overruled.

2. The court did not err in allowing the set-off claimed in defendant's answer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*